19-3946-cv
K.B. v. Katonah Lewisboro Union Free School District

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-one.

PRESENT:  RAYMOND J. LOHIER, JR.,
                     STEVEN J. MENASHI,
                              *Circuit Judges*,
                     ERIC KOMITEE,
                              *Judge*.[*]

------------------------------------------------------------------

KB, on behalf of SB,

                     *Plaintiff-Appellant*,

          v.                                              No. 19-3946-cv

KATONAH LEWISBORO UNION FREE SCHOOL
DISTRICT,

------

[*] Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    PETER D. HOFFMAN, Law Office of Peter D. Hoffman, P.C., Katonah, NY

FOR DEFENDANT-APPELLEE:                    STEVEN L. BANKS (Daniel Petigrow, *on the brief*), Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant K.B., on behalf of her daughter, S.B., appeals from a judgment entered October 28, 2019, by the United States District Court for the Southern District of New York (Seibel, J.), granting summary judgment in favor of Defendant-Appellee Katonah Lewisboro Union Free School District (the "District") on K.B.'s claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. In granting summary judgment, the District Court upheld a decision of the State Review Officer ("SRO"). Although we

2

sympathize with K.B.'s efforts to secure for her daughter the best possible education, we affirm. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision.

Mindful that courts lack the "specialized knowledge and educational expertise" of state administrators, we conduct a "circumscribed <u>de</u> <u>novo</u> review of a district court's grant of summary judgment in the IDEA context," seeking only to "independently verify that the administrative record supports the district court's determination." <u>M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.</u>, 725 F.3d 131, 138 (2d Cir. 2013).

1. <u>Child Find Obligations</u>

K.B. first contends that the District violated the "Child Find" obligation under the IDEA by failing to promptly identify S.B. as a student with an emotional disability requiring special education. To prevail on a claim that the District violated that obligation, K.B. is required to show by a preponderance of the evidence that "school officials overlooked clear signs of disability and were negligent in failing to order testing, or that there was no rational justification for

not deciding to evaluate" S.B. <u>Mr. P v. W. Hartford Bd. of Educ.</u>, 885 F.3d 735, 750 (2d Cir. 2019). Because a violation of the Child Find obligation is procedural, <u>see</u> <u>id.</u>, a plaintiff is entitled to relief only if the violation (1) "impeded the child's right to a" free and appropriate public education, or "FAPE," (2) "significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a FAPE to the parents' child" or (3) "caused a deprivation of educational benefits," <u>id.</u> at 748 (quoting 20 U.S.C. § 1415(f)(3)(E)(ii)). "That is, parents must articulate how a procedural violation resulted in the . . . substantive inadequacy" of the education offered to the child "or affected the decision-making process." <u>M.W.</u>, 725 F.3d at 139.

We agree with the District Court that K.B. does not adequately explain how any alleged violation of the Child Find obligation deprived S.B. of educational benefits or impeded K.B.'s ability to participate in the decisionmaking process. K.B. also does not identify an appropriate remedy for this claim.

## 2. Free and Appropriate Public Education

K.B. also seeks reimbursement for S.B.'s private school tuition during the 2015–16 school year, the summer of 2016, and the 2016–17 school year. The IDEA requires States that receive certain federal funds to provide "all children with disabilities" with a FAPE. 20 U.S.C. § 1412(a)(1)(A). To comply with this requirement, school districts subject to the IDEA must annually develop an individualized education program ("IEP") for each disabled student. Id. § 1412(a)(4). Because educational expertise is especially valuable in formulating an IEP that provides necessary and appropriate special services to a student with disabilities, "determinations regarding the substantive adequacy of an IEP should be afforded more weight than determinations concerning whether the IEP was developed according to the proper procedures." M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 244 (2d Cir. 2012). Applying that principle, we agree with the District Court and the SRO that the District satisfied its obligation to provide a FAPE during all relevant time periods.

S.B.'s IEP for the 2015–16 school year placed her at The Karafin School ("Karafin"), a therapeutic day program capable of providing small classes and

5

accommodating S.B.'s other educational needs.  K.B. contends that Karafin was not an appropriate placement largely because its staff was not trained in dialectical behavior therapy ("DBT").  But the IEP did not call for a DBT-based program in addition to the DBT treatment she received from her psychologist, apart from requiring that the school support that treatment.  And the evidence supports the conclusion that Karafin was capable of supporting S.B.'s progress in that treatment.  See Joint App'x 1375.  K.B. also asserts that S.B. would have been mismatched with her classmates at Karafin, but the record supports the District Court's contrary conclusion.  See id.

We also find no error in the District Court's conclusion that the District's denial of K.B.'s request to place S.B. in summer school in 2016 did not deprive S.B. of a FAPE.  "The IDEA's implementing regulations require school districts to 'ensure that extended school year services are available as necessary to provide FAPE.'" T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 152 (2d Cir. 2014) (quoting 34 C.F.R. § 300.106(a)(1)).  The record amply supports the SRO's conclusion that S.B. was not entitled to summer services.  As the SRO explained, S.B. did not lose any credits during her hospitalization in the spring and summer

6

of 2015 and remained on track to graduate on time following her return to school in the fall. Upon her enrollment at the Robert Louis Stevenson School ("RLS"), S.B. did not require "an inordinate period of review at the beginning of the school year" to maintain academic progress; to the contrary, she made substantial academic progress without such review. 8 N.Y.C.R.R. § 200.1(aaa).[1] S.B. also suffered no regression—academically or emotionally—over the winter breaks. The SRO thus adequately addressed any concerns that S.B. might regress without a structured and supportive environment during the summer months. See id. § 200.6(k)(1). The SRO's "thorough and careful" opinion merits our deference. Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998).

Finally, we agree with the District Court that the SRO appropriately found that the District offered S.B. a FAPE during the 2016–17 school year. The District offered to place S.B. in a new DBT-based program at John Jay High School ("John Jay"), the school that S.B. attended before her hospitalization in May 2015. S.B.'s psychologist, Dr. Alec Miller, recommended that S.B. remain at RLS, where she

---

[1] Neither party has argued that New York's regulations are inconsistent with the IDEA.

had succeeded academically and emotionally. The SRO did not err by discounting Dr. Miller's opinion that RLS would be better for S.B. than John Jay; the focus of the inquiry is on the appropriateness of the offered placement, not whether an alternative placement would have been preferable. See Endrew F. ex. rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1, 137 S. Ct. 988, 999 (2017). The evidence supported the SRO's conclusion that S.B. was likely to make meaningful progress because she would be well supported by John Jay's new DBT-based program. We cannot "substitute [our] own notion[] of sound educational policy for those of the school authorities which [we] review." Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982). We conclude that "the administrative record supports the [D]istrict [C]ourt's determination" that S.B. was offered a FAPE. M.W., 725 F.3d at 138.

We have considered K.B.'s remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8